UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRETCHEN MCCORMACK,<br><br>         Plaintiff,<br><br>v.<br><br>CHRYSLER GROUP, LLC,<br><br>         Defendant. | Case No.: 18-CV-1387 W (KSC)<br><br>**ORDER GRANTING MOTION TO REMAND [DOC. 4]** |

  Pending before the Court is Plaintiff Gretchen McCormack's motion to remand this case to the San Diego Superior Court. Defendant opposes.

  The Court takes the matter under submission and without oral argument. See Civ. R. 7.1(d)(1). For the following reasons, the Court **GRANTS** the motion [Doc. 4] and **ORDERS** the case remanded.

//

//

//

//

//

## I. RELEVANT BACKGROUND

According to the Complaint, this case arises from Plaintiff Gretchen McCormak's purchase of a 2017 Chrysler Pacifica on March 17, 2017. (*Compl.* ¶¶ 6, 7.[1]) The vehicle was covered by an express warranty from Defendant Chrysler Group LLC, which "undertook to preserve or maintain the utility or performance of the [vehicle] or provide compensation if there [was] a failure in utility or performance during the WARRANTY PERIOD." (*Id.*) The listed cash price for the vehicle was $40,000. (*Purchase Contract* [Doc. 4-3] p. 1, line 1.A.) Because the purchase price included a $3,000 "Manufacturer's Rebate" as an incentive payment, the total cash price was $37,000. (*Id.* p. 2, line 6.E.)

Plaintiff contends that the vehicle developed "defects" during the warranty period. (*Compl.* ¶ 8.) Plaintiff further alleges Defendant was "unable to service or repair" the vehicle "to conform to the applicable express warranties after a reasonable number of attempts" and has failed to promptly replace the vehicle or make restitution as required under California law. (*Id.* ¶ 9.)

On May 24, 2018, Plaintiff filed this lawsuit in the San Diego Superior Court. The Complaint asserts six state-based causes of action, and one federal cause of action for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310.

On June 22, 2018, Defendant removed the case to this Court. Plaintiff now seeks to remand.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "They possess only that power authorized by

---

[1] The Complaint is attached to the Notice of Removal [Doc. 1] as Exhibit C [Doc. 1-2]. The Complaint's allegation regarding the type of vehicle purchased conflicts with the statement in Plaintiff's motion that the vehicle was a 2013 Chrysler 328. (*See P&A* [Doc. 4-1] 2:16–17.) However, the Complaint's allegation is supported by the Retail Installment Sales Contract (the "Purchase Contract" [Doc. 4-3]), which is attached to the Declaration of Michael Lindsey ("Lindsey Decl.") as Exhibit 1. (*Lindsey Decl.* [Doc. 4-2], ¶ 4.)

Constitution or a statute, which is not to be expanded by judicial decree." Id. (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (internal citations omitted).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.

## III.  DISCUSSION

Plaintiff argues the case must be remanded because Defendant cannot establish the amount-in-controversy requirement for the federal claim is satisfied. (*P&A* 2:8–22.) Defendant raises two grounds for denying Plaintiff's motion.

First, Defendant responds that because the basis for removal is federal question, there is no jurisdictional limit. (*Opp'n* [Doc. 6] 1:23–24.) This argument lacks merit.

The Magnuson-Moss Warranty Act provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation… under a written warranty… may bring suit for damages and other legal and equitable relief" in any of the following courts:

> (A) in any court of competent jurisdiction in any State or the District of Columbia; or
> (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.

18 U.S.C. § 2310(d)(1)(A) and (B). Paragraph (3) then provides that "[n]o claim shall be cognizable in a suit brought under paragraph (1)(B)"—i.e, a suit brought in a United States district court—if:

3

> …the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or

Id. § 2310(d)(3)(B). This language, which Defendant quotes in its opposition (*see Opp'n* 3:21–25), clearly imposes a $50,000 amount-in-controversy requirement for federal court jurisdiction. Given the express statutory language, and Defendant's failure to cite a single case supporting its argument, Defendant's first argument borders on the frivolous.

Defendant next argues that even if there is a jurisdictional limit, the allegations in the Complaint easily satisfy the limit. (*Opp'n* 3:17–20.) The Court disagrees.

To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." Singer v. State Farm Mutual Auto Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997). Where the state-court complaint does not specify an exact damage figure, the defendant "must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity-jurisdiction requirement. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Here, although the Complaint specifies a damage figure, it is less than the jurisdictional minimum. Thus, Defendant must provide some reason to believe this case meets the amount-in-controversy requirement.

In its opposition, Defendant argues the $50,000 jurisdictional minimum is satisfied because Plaintiff's damage calculation should include an award of civil penalties. (*Opp'n* 4:4–14.) However, Defendant fails to provide any basis for believing civil penalties will be awarded in this case. For example, Defendant cites no facts or circumstances suggesting civil penalties are warranted, nor does it point to other similar cases where penalties were awarded. Rather, Defendant's

argument is simply that because Plaintiff requests civil penalties, and such penalties are available under the statute, the amount in controversy includes them.

Where a removing defendant seeks to satisfy the amount in controversy by relying on an assumption that punitive damages or civil penalties will be awarded, district courts have required the defendant to justify the assumption. See Conrad Associates v. Hartford Accident & Indemnity Company, 994 F.Supp. 1196 (N.D. Cal. 1998) (refusing to include punitive damages in amount in controversy because complaint's allegations did not suggest egregious circumstances and defendant failed to compare facts of other bad-faith cases to support assumption that punitive damages were warranted); Zawaideh v. BMW of North America, LLC, 2018 WL 1805103 (S.D. Cal. 2018) (refusing to include civil penalties where defendant failed to identify any allegation in complaint that would justify the award, and failed to submit evidence regarding amount of civil penalties in analogous cases). This approach is consistent with the the general principle that where the state-court complaint does not specify a damage figure, the defendant "must provide evidence that it is 'more likely than not' that the amount in controversy" requirement is satisfied. Sanchez, 102 F.3d at 404; Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (in evaluating amount in controversy, courts may consider "facts presented in the removal petition as well as any summary-judgment-type evidence); Gaus, 980 F.2d at 566 (holding defendant must prove by a preponderance of the evidence whatever is necessary to support the removal). Because Defendant makes no effort to demonstrate that civil penalties are warranted in this case, it has failed to demonstrate the amount-in-controversy requirement is met.

//
//
//
//

## IV. ORDER & CONCLUSION

Because Defendant has not established that the amount in controversy exceeds $50,000, the Court **GRANTS** Plaintiff's motion [Doc. 4] and **ORDERS** the case remanded to the San Diego Superior Court.

**IT IS SO ORDERED.**

Dated: October 23, 2018

_____
Hon. Thomas J. Whelan
United States District Judge